B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Sexton, James Everett** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **James Sexton; James T Sexton;** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **4988** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **11105 Cherry Avenue Cherry Valley, California**      ZIP CODE **92223** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **Riverside** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| [x] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>
<div align="center"><b>Exhibit A</b></div>

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐    Exhibit A is attached and made a part of this petition.
</td>
<td>
<div align="center"><b>Exhibit B</b></div>
<div align="center">(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)</div>

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X    **/s/ Nguyen H Nguyen     June 11, 2015**
    Signature of Attorney for Debtor(s)     (Date)

    **Bar No.: 213366**
</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): Sexton, James Everett |
|---|---|
| *(This page must be completed and filed in every case.)* | |

| Signatures | |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X __/s/ James Everett Sexton__
Signature of Debtor        **James Everett Sexton**

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)
**June 11, 2015**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X __/s/ Nguyen H Nguyen__
Signature of Attorney for Debtor(s)
**Nguyen H Nguyen**
Printed Name of Attorney for Debtor(s)
**Law Offices of Nguyen H Nguyen**
Firm Name

**15361 Brookhurst Street, Suite 205**
**Westminster, California 92683**
Address
**(714) 775-4529**
Telephone Number
**June 11, 2015**
Date
**Bar No.: 213366**
**Fax: (714) 775-4527**
**E-mail: nhn97@aol.com**

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re  James Everett Sexton _____    Case No. _____
                    Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  /s/ James Everett Sexton _____

Date: June 11, 2015 _____

Name: **Nguyen H Nguyen, Bar no.: 213366**

Address: **15361 Brookhurst Street, Suite 205**

**Westminster, California 92683**

Telephone: **(714) 775-4529**     Fax: **(714) 775-4527**

☒ Attorney for Debtor
☐ Debtor in Pro Per

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>**James Everett Sexton, James Sexton; James T Sexton;** | Case No.: |
| | **NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.   **Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

**2.**   **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7:  Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335**

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1167 filing fee, $550 administrative fee: Total fee $1717)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.**   **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 06/14)

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer

_____

X_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

_____
Social Security number (If the bankruptcy petition Address: preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**James Everett Sexton** _____
Printed Name(s) of Debtor(s)

**/s/ James Everett Sexton**    **06/11/2015** _____
Signature of Debtor          Date

Case No. (if known) _____

X_____
Signature of Joint Debtor (if any)    Date

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **Individual Debtor's Voluntary Petition Chapter 7, Case No. 6:00-bk-27164-MG was filed on 11/29/2000 in**
    **Central District of California, Riverside Division; Standard Discharge on 03/13/2001.**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at **Westminster**_____ , California

Date: **June 11, 2015**_____

**/s/ James Everett Sexton**_____
Signature of Debtor

_____
Signature of Joint Debtor

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**B6 Cover (Form 6 Cover) (12/07)**                      **2007 USBC, Central District of California**


## FORM 6.  SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtors(s)

Unsworn Declaration Under Penalty of Perjury


GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be identified with the debtor's name and case number.  If the schedules are filed with the petition, the case number should be left blank.

Schedules D, E, and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not list the same claim twice.  If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

B6A (Official Form 6A) (12/07)                                                    2007 USBC, Central District of California

In re **James Everett Sexton,**_____          **Case No.** _____
                        **Debtor**                                                            **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)                                    2007 USBC, Central District of California

In re **James Everett Sexton,**_____          Case No. _____
                            **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | | $100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Checking Account | | $500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods and Furnishing | | $1,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | | $1,000.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

B 6B  (Official Form 6B) (12/2007)                                                    2007 USBC, Central District of California

In re  **James Everett Sexton,**_____          Case No. _____
                              **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

B 6B  (Official Form 6B) (12/2007)                                              2007 USBC, Central District of California

In re  **James Everett Sexton,**                                          Case No. _____
                          **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Suzuki DRZ400 Motocycle | | $3,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>2</u> continuation sheets attached        Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

| | $6,100.00 |
|---|---|

B6C (Official Form 6C) (04/13)                                    2013 USBC, Central District of California

**In re**  James Everett Sexton,_____        **Case No.** _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $155,675.*
☐  11 U.S.C. § 522(b)(2)
☒  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash | C.C.P. § 703.140(b)(5) | $100.00 | $100.00 |
| Bank of America Checking Account | C.C.P. § 703.140(b)(5) | $500.00 | $500.00 |
| Household Goods and Furnishing | C.C.P. § 703.140(b)(3) | $1,500.00 | $1,500.00 |
| Clothing | C.C.P. § 703.140(b)(3) | $1,000.00 | $1,000.00 |
| 2006 Suzuki DRZ400 Motocycle | C.C.P. § 703.140(b)(2) | $3,000.00 | $3,000.00 |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

2007 USBC, Central District of California

**In re** <u>James Everett Sexton</u>                                    ,     Case No. _____
                   **Debtor**                                                      **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[X]    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| __0__ continuation sheets attached | Subtotal ► (Total of this page) | $ | $ |
| | Total ► (Use only on last page) | $ | $ |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/13)                                                    2013 USBC, Central District of California

**In re**   **James Everett Sexton**                                     ,        **Case No.**_____
                              Debtor                                                        *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☒ **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/13) – Cont.    2013 USBC, Central District of California

In re **James Everett Sexton**_____,    Case No. _____
_____**Debtor**_____    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Domestic Support Obligations** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.      2311 <br><br>**Child Support Division 10417 Mt. View Avenue Loma Linda, CA 92354 Full Account No.: 7102311** | | | 3/2006 <br><br>**Domestic Support Obligation** | | | | **$15,500.00** | **$15,500.00** | **$0.00** |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. _**1**_ of _**2**_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▶ $ **15,500.00** | $ **15,500.00** | **$0.00**
(Totals of this page)

Total▶ $ 
(Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.)

Totals▶ $ | $
(Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13) – Cont.                                                    2013 USBC, Central District of California

In re  __James Everett Sexton_____ ,        Case No. _____
                    **Debtor**                                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **Account No.      4988** <br> **Department of the Treasury** <br> **Internal Revenue Service** <br> **P.O. Box 7346** <br> **Philadelphia, PA** <br> **19101-7346** <br> **Full Account No.: Caller ID** <br> **423018; SSN: xxx-xx-4988** | | | **2008 - 2010** <br><br> **Federal Taxes** | | | | **$14,658.00** | **$14,658.00** | **$0.00** |
| | | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| Sheet no. __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Priority Claims | Subtotals▶ <br>(Totals of this page) | $ **14,658.00** | $ **14,658.00** | **$0.00** |
| | Total▶ <br>(Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | $ **30,158.00** | | |
| | Totals▶ <br>(Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **30,158.00** | $ **0.00** |

In re  James Everett Sexton _____,    Case No. _____
                    Debtor                                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    3363<br><br>**91 Express Lanes**<br>**P.O. Box 68039**<br>**Anaheim, CA 92817**<br>**Full Account No.: 152563363** | | | 3/14/2015<br><br>**Transportation Services** | | | | $58.00 |
| **ACCOUNT NO.**    4493<br><br>**Beaver Medical Group LP**<br>**P.O. Box 10069**<br>**San Bernardino, CA 92423**<br>**Full Account No.: 9314493** | | | 2/2015<br><br>**Medical Services** | | | | $96.00 |
| **ACCOUNT NO.**    2083<br><br>**Beaver Medical Group LP**<br>**c/o Designed Billing Solutions**<br>**1 Centerpointe Dr., Suite 450**<br>**La Palma, CA 90623**<br>**Full Account No.: 4252083** | | | 2/2015<br><br>**Medical Services** | | | | $0.00 |
| Notes: Duplicate 9314493 for Notice | | | | | | | |
| **ACCOUNT NO.**    4115<br><br>**Capital One Bank USA**<br>**P.O. Box 30281**<br>**Salt Lake City, UT 84130** | | | 12/2007<br><br>**Credit Card Charges** | | | | $0.00 |
| Notes: Civil Collection 8534-xxxx / Duplicate for Notice | | | | | | | |

                                                              Subtotal➤ | $ | 154.00

  5   continuation sheets attached

                                                              Total➤ | $ |
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.                                    2007 USBC, Central District of California

In re James Everett Sexton _____ ,          Case No. _____
                  **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 8534 <br><br> **Capital One Bank USA c/o Midland Funding LLC 8875 Aero Dr., Suite 200 San Diego, CA 92123** | | | **12/2007** <br><br> **Credit Card Charges** | | | | **$2,414.00** |
| **ACCOUNT NO.** 5416 <br><br> **Chase / Bank One Card Services P.O. Box 15298 Wilmington, DE 19850** | | | **7/2006** <br><br> **Credit Card Charges** | | | | **$0.00** |
| Notes: Civil Collection 8549-xxxx / Duplicate for Notice | | | | | | | |
| **ACCOUNT NO.** 8549 <br><br> **Chase / Bank One Card Services c/o Midland Funding LLC 8875 Aero Dr., Suite 200 San Diego, CA 92123** | | | **7/2006** <br><br> **Credit Card Charges** | | | | **$1,302.00** |
| **ACCOUNT NO.** 8558 <br><br> **CitiBank SD NA c/o Midland Funding LLC 8875 Aero Dr., Suite 200 San Diego, CA 92123** | | | **5/2012** <br><br> **Credit Card Charges** | | | | **$11,742.00** |

Sheet no. __1__ of __5__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $ **15,458.00**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.                                    2007 USBC, Central District of California

In re  James Everett Sexton                                    ,        Case No. _____
                          **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 2425 <br><br>**Direct TV** <br>**c/o Transworld Systems** <br>**P.O. Box 4935** <br>**Trenton, NJ 08650** | | | 10/2011 <br><br>**General Services** | | | | $298.00 |
| **ACCOUNT NO.** 3907 <br><br>**FreedomRoad Financial** <br>**10509 Professional Cir., Suite 202** <br>**Reno, NV 89521** <br>**Full Account No.:** <br>**20080400103907** | | | 3/2012 <br><br>**Transportation Services** | | | | $7,345.00 |
| Notes: Deficiency on repossessed 2008 DUCATI 1098 | | | | | | | |
| **ACCOUNT NO.** 1200 <br><br>**GECRB / Yamaha** <br>**P.O. Box 6153** <br>**Rapid City, SD 57709** | | | 6/2008 <br><br>**Credit Card Charges** | | | | $7,106.00 |
| **ACCOUNT NO.** 5000 <br><br>**HSBC Auto Finance** <br>**P.O. Box 961245** <br>**Fort Worth, TX 76161** | | | 6/2008 <br><br>**Transportation Services** | | | | $13,416.00 |

Sheet no. __2__ of __5__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ | 28,165.00

Total▶ $ |
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **James Everett Sexton**_____,    Case No. _____

 _____**Debtor**_____    _____**(if known)**_____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.     SU94**  **HSBC Auto Finance c/o Accelerated Financial Solution 39 Monette Pkwy. Smithfield, VA 23430** | | | 6/2008  **Credit Card Charges** | | | | **$0.00** |
| Notes: Duplicate 5000-xxxx for Notice | | | | | | | |
| **ACCOUNT NO.     2332**  **LBS FCU 5505 Garden Grove Westminster, CA 92683** | | | 6/2008  **Credit Card Charges** | | | | **$11,961.00** |
| **ACCOUNT NO.     4185**  **Mutual Bank NA c/o LVNV Funding, LLC c/o Resurgent Capital Services P.O. Box 10497 MS 576 Greenville, SC 29603** | | | 8/2010  **Credit Card Charges** | | | | **$9,075.00** |
| **ACCOUNT NO.     3591**  **Quest Diagnostics P.O. Box 740987 Cincinnati, OH 45274 Full Account No.: 2878413591** | | | 3/2015  **Medical Services** | | | | **$6.00** |

Sheet no.___**3**___of___**5**___continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $    **21,042.00**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

Case 6:15-bk-15902-MW    Doc 1    Filed 06/11/15    Entered 06/11/15 13:35:16    Desc
Main Document    Page 24 of 79
2007 ESBC, Central District of California

In re **James Everett Sexton**                          ,          Case No. _____
          **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**    1809<br><br>**Southern CA Gas Company c/o Progressive Management Service 1521 W. Cameron Ave., Fl. 1 West Covina, CA 91790** | | | 1/2009<br><br>**General Services** | | | | $160.00 |
| **ACCOUNT NO.**    5322<br><br>**SYNCB c/o Porfolio Recovery Associates, LLC 120 Corporate Blvd. Norfolk, VA 23502** | | | 6/2008<br><br>**Credit Card Charges** | | | | $0.00 |
| Notes: Duplicate for Notice | | | | | | | |
| **ACCOUNT NO.**    5322<br><br>**SYNCB P.O. Box 965036 Orlando, FL 32896** | | | 6/2008<br><br>**Credit Card Charges** | | | | $2,675.00 |
| **ACCOUNT NO.**    4864<br><br>**Time Warner Cable LA 13820 Sunrise Valley Dr. Herndon, VA 20171** | | | 5/2011<br><br>**General Services** | | | | $170.00 |

Sheet no. **4** of **5** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $      **3,005.00**

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.                                    2007 USBC, Central District of California

In re **James Everett Sexton** _____,          Case No. _____
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**      2376 <br><br> **Time Warner Cable LA** <br> **c/o Credit Management, LP** <br> **P.O. Box 118288** <br> **Carrollton, TX 75011** | | | 5/2011 <br><br> **General Services** | | | | $0.00 |
| Notes: Civil Collection Time Warner Acct. No. xxxx-4864 | | | | | | | |
| **ACCOUNT NO.**      8541 <br><br> **T-Mobile** <br> **c/o Midland Funding, LLC** <br> **8875 Aero Dr., Suite 200** <br> **San Diego, CA 92123** | | | 3/2010 <br><br> **Equipment** | | | | $1,344.00 |
| **ACCOUNT NO.**      5183 <br><br> **Wells Fargo DLRSVC** <br> **P.O. Box 1697** <br> **Winterville, NC 28590** | | | 2/2007 <br><br> **Credit Card Charges** | | | | $12,720.00 |

Sheet no. __5__ of __5__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ **14,064.00**

Total▶ $ **81,888.00**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)                                    2007 USBC, Central District of California

In re **James Everett Sexton,**                                  Case No. _____
                        **Debtor**                                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)                                    2007 USBC, Central District of California

In re **James Everett Sexton,** _____   Case No. _____
                               **Debtor**                                                    **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **James Everett Sexton** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for: | **Central District of California** |
| Case number | |
| (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☒ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | **Operation Engineer** | |
| Employer's name | **Pavement Recycling Systems, Inc.** | |
| Employer's address | **10240 San Sevaine Way**<br>Number   Street | Number   Street |
| | **Jurupa Valley, CA 91752**<br>City          State   ZIP Code | City          State   ZIP Code |
| How long employed there? | **4 years** | |

## Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.  $ **7,286.93** | $ **0.00** |
| 3. | Estimate and list monthly overtime pay. | 3.  + $ **0.00** | + $ **0.00** |
| 4. | Calculate gross income. Add line 2 + line 3. | 4.  $ **7,286.93** | $ **0.00** |

Debtor 1    **James Everett Sexton**                    Case number *(if known)*_____
         First Name     Middle Name        Last Name

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|

|  | | | |
|---|---|---|---|
| Copy line 4 here ....................................................➔ 4. | 4. | $ 7,286.93 | $ 0.00 |

5. **List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 2,570.79 | $ 0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: __Ganishments - Riverside__ | 5h. | + $ 300.00 | + $ 0.00 |

| | | | |
|---|---|---|---|
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 2,870.79 | $ 0.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 4,416.14 | $ 0.00 |

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

     Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

     Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.

| | | | |
|---|---|---|---|
| | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |

8f. **Other government assistance that you regularly receive**

     Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
     Specify: _____

| | | | |
|---|---|---|---|
| | | $ | $ 0.00 |
| | 8f. | | |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $ | + $ 0.00 |

| | | | |
|---|---|---|---|
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 0.00 | $ 0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 4,416.14 + $ 0.00 = | $ 4,416.14 |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

     Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

     Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

     Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
     Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12. $ 4,416.14

                                                                             **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☒ No.

☐ Yes. Explain: _____

**Fill in this information to identify your case:**

Debtor 1    **James Everett Sexton**
_____  _____  _____
First Name        Middle Name       Last Name

Debtor 2
(Spouse, if filing)  First Name        Middle Name       Last Name

United States Bankruptcy Court for : **Central District of California**

Case number
(If known)   _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses                                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number
(if known). Answer every question.

| Part 1: | Describe Your Household |
| --- | --- |

1. **Is this a joint case?**

   ☒ No.  Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☒ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**          ☐ No

   Do not list Debtor 1 and      ☒ Yes. Fill out this information for
   Debtor 2.                          each dependent..........................

   Do not state the dependents'
   names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
| --- | --- | --- | --- |
| | **Daughter** | **16** | ☐ No ☒ Yes |
| | **Daughter** | **11** | ☐ No ☒ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include**        ☒ No
   **expenses of people other than**   ☐ Yes
   **yourself and your dependents?**

| Part 2: | Estimate Your Ongoing Monthly Expenses |
| --- | --- |

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the
applicable date.

Include expenses paid for with non-cash government assistance if you know the value
of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

|  | | Your expenses |
| --- | --- | --- |
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ **1,450.00** |
| If not included in line 4: | | |
| 4a.  Real estate taxes | 4a. | $ 0.00 |
| 4b.  Property, homeowner's, or renter's insurance | 4b. | $ 0.00 |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | $ 100.00 |
| 4d.  Homeowner's association or condominium dues | 4d. | $ 0.00 |

Debtor 1   **James Everett Sexton**
_____

First Name      Middle Name         Last Name

Case number *(if known)*_____

| | | Your expenses |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans     5.   $ 0.00

6. **Utilities:**

   6a.   Electricity, heat, natural gas     6a.   $ **200.00**

   6b.   Water, sewer, garbage collection     6b.   $ **85.00**

   6c.   Telephone, cell phone, Internet, satellite, and cable services     6c.   $ **190.00**

   6d.   Other. Specify: _____     6d.   $ 0.00

7. **Food and housekeeping supplies**     7.   $ **500.00**

8. **Childcare and children's education costs**     8.   $ 0.00

9. **Clothing, laundry, and dry cleaning**     9.   $ **100.00**

10. **Personal care products and services**     10.   $ **200.00**

11. **Medical and dental expenses**     11.   $ **100.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.     12.   $ **250.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**     13.   $ **150.00**

14. **Charitable contributions and religious donations**     14.   $ 0.00

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a.   Life insurance     15a.   $ 0.00

   15b.   Health insurance     15b.   $ 0.00

   15c.   Vehicle insurance     15c.   $ **75.00**

   15d.   Other insurance. Specify:_____     15d.   $ 0.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____     16.   $ 0.00

17. **Installment or lease payments:**

   17a.   Car payments for Vehicle 1     17a.   $ 0.00

   17b.   Car payments for Vehicle 2     17b.   $ 0.00

   17c.   Other. Specify:_____     17c.   $_____

   17d.   Other. Specify:_____     17d.   $_____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).**     18.   $ **1,535.00**

19. **Other payments you make to support others who do not live with you.**
Specify:_____     19.   $ 0.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

   20a.   Mortgages on other property     20a.   $ 0.00

   20b.   Real estate taxes     20b.   $ 0.00

   20c.   Property, homeowner's, or renter's insurance     20c.   $ 0.00

   20d.   Maintenance, repair, and upkeep expenses     20d.   $ 0.00

   20e.   Homeowner's association or condominium dues     20e.   $ 0.00

Debtor 1   **James Everett Sexton** _____

First Name   Middle Name   Last Name

Case number (*if known*)_____

---

21.  **Other**. Specify: _____

21.   + $ **0.00** _____

22.  **Your monthly expenses.** Add lines 4 through 21.
The result is your monthly expenses.

22.   $ **4,935.00** _____

23.  **Calculate your monthly net income.**

23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.

23a.   $ **4,416.14** _____

23b.  Copy your monthly expenses from line 22 above.

23b.   − $ **4,935.00** _____

23c.  Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*

23c.   $ **-518.86** _____

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

❑ No.

❑ Yes.   | Explain here: |

---

B 6 Summary (Official Form 6 - Summary) (12/14)                                    2013 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re **James Everett Sexton**_____,                    Case No. _____
              *Debtor*

                                                                   Chapter **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

        If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

        □ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $   **15,500.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $   **14,658.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $   **0.00** |
| Student Loan Obligations (from Schedule F) | $   **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $   **0.00** |
| TOTAL | $   **30,158.00** |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $   **4,416.14** |
| Average Expenses (from Schedule J, Line 22) | $   **4,935.00** |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14) | $   **7,286.93** |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $   **0.00** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $   **30,158.00** | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $   **0.00** |
| 4.  Total from Schedule F | | $   **81,888.00** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $   **81,888.00** |

B 6 Summary (Official Form 6 - Summary) (12/14)                                      2013 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re **James Everett Sexton**_____,                     Case No. _____
       *Debtor*

                                     Chapter **7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 6,100.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 30,158.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 6 | | $ 81,888.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 4,416.14 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 4,935.00 |
| TOTAL | | 22 | $ 6,100.00 | $ 112,046.00 | |

In re  **James Everett Sexton**_____ ,   Case No. _____
               **Debtor**                                                        **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __24__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **June 11, 2015**_____          Signature: **/s/ James Everett Sexton**_____
                                                                                   **James Everett Sexton**Debtor

Date _____          Signature: _____
                                                                                          (Joint Debtor, if any)

                                                                    [If joint case, both spouses must sign.]

---------------------------------------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                          Social Security No.
of Bankruptcy Petition Preparer                                     *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____          _____
  Signature of Bankruptcy Petition Preparer                          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*
---------------------------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                          Signature: _____

                                                         _____
                                                         [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-------------------------------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re                                                                    Chapter 7

    James Everett Sexton                                    Case No.

          Debtors.

# STATEMENT OF MONTHLY GROSS INCOME

The undersigned certifies the following is the debtor's monthly income.

| Income: | | Debtor |
|---|---|---|
| Six months ago | $ | 7,807.00 |
| **Five months ago** | $ | **7,807.00** |
| **Four months ago** | $ | **7,807.00** |
| **Three months ago** | $ | **7,807.00** |
| **Two months ago** | $ | **7,807.00** |
| **Last month** | $ | **7,807.00** |
| Total Gross income for six months preceding filing | $ | **46,842.00** |
| **Average Monthly Gross Income** | $ | **7,807.00** |
| **Average Monthly Net Income** (from Schedule I) | $ | **4,416.14** |

Dated:    June 11, 2015

                                                    /s/ James Everett Sexton
                                                     James Everett Sexton
                                                          Debtor

February 2006                                                    2006 USBC Central District of California

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br>   **James Everett Sexton**<br><br>                                                    Debtor(s). | CHAPTER:  **7**<br><br>CASE NO.: |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT  TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, _____**James Everett Sexton**_____ , the debtor in this case, declare under penalty
                        *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☒   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
      60-day period prior to the date of the filing of my bankruptcy petition.
      (*NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
      no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____ , the debtor in this case, declare under penalty of
                  *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

☐   I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for
      the 60-day period prior to the date of the filing of my bankruptcy petition.
      (*NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐   I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
      no payment from any other employer.

☐   I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date  **June 11, 2015**_____          Signature  **/s/ James Everett Sexton**_____
                                                                          *Debtor*

Date  _____          Signature  _____
                                                                          *Joint Debtor (if any)*

**Fill in this information to identify your case:**

Debtor 1 **James Everett Sexton**
First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for: **CENTRAL DISTRICT OF CALIFORNIA**
(State)

Case number _____
(If known)

**Check one box only as directed in this form and in Form 22A-1Supp:**

☐ 1. There is no presumption of abuse.

☒ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 22A–2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

Official Form 22A—1

# Chapter 7 Statement of Your Current Monthly Income

12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 22A-1Supp) with this form.

| Part 1: | Calculate Your Current Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☒ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ **7,286.93** | $_____ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ **0.00** | $_____ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ **0.00** | $_____ |

5. **Net income from operating a business, profession or farm**

| | | |
|---|---|---|
| Gross receipts (before all deductions) | $ **0.00** | |
| Ordinary and necessary operating expenses | – $ **0.00** | |
| Net monthly income from a business, profession, or farm | $ **0.00** Copy here➡ $ **0.00** | $_____ |

6. **Net income from rental and other real property**

| | | |
|---|---|---|
| Gross receipts (before all deductions) | $ **0.00** | |
| Ordinary and necessary operating expenses | – $ **0.00** | |
| Net monthly income from rental or other real property | $ **0.00** Copy here➡ $ **0.00** | $_____ |

| 7. | **Interest, dividends, and royalties** | $ **0.00** | $_____ |
|---|---|---|---|

Debtor 1 __James Everett Sexton_____      Case number *(if known)*_____
　　　　　First Name　　Middle Name　　　Last Name

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

**8. Unemployment compensation**
Do not enter the amount if you contend that the amount received was a benefit
under the Social Security Act. Instead, list it here: .............................↓

$ ___0.00___　　$ _____

For you ......................................................... $ _____

For your spouse.............................................. $ _____

**9. Pension or retirement income.** Do not include any amount received that was a
benefit under the Social Security Act.

$ ___0.00___　　$ _____

**10. Income from all other sources not listed above.** Specify the source and amount.
Do not include any benefits received under the Social Security Act or payments received
as a victim of a war crime, a crime against humanity, or international or domestic
terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

10a. _____     $ _____　$ _____

10b. _____     $ _____　$ _____

10c. Total amounts from separate pages, if any.     +$ ___0.00___　+ $ _____

**11. Calculate your total current monthly income.** Add lines 2 through 10 for each
column. Then add the total for Column A to the total for Column B.

$ 7,286.93  +  $ _____  =  $ 7,286.93

**Total current monthly income**

---

| **Part 2:** | **Determine Whether the Means Test Applies to You** |
|---|---|

**12. Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11................................................*Copy line 11 here* ➔ 12a.     $ 7,286.93

Multiply by 12 (the number of months in a year).     x 12

12b. The result is your annual income for this part of the form.     12b.     $ 87,443.16

**13. Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.     | California |

Fill in the number of people in your household.     | 3 |

Fill in the median family income for your state and size of household. ..............................................................13.     $ 68,917.00

To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

**14. How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3.

14b. ☒ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.*
Go to Part 3 and fill out Form 22A–2.

---

| **Part 3:** | **Sign Below** |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✘ **/s/ James Everett Sexton**_____     ✘ _____
Signature of Debtor 1     Signature of Debtor 2

Date **06/11/2015**_____     Date _____
　　　MM / DD  / YYYY　　　　　　　　　　　　MM / DD  / YYYY

If you checked line 14a, do NOT fill out or file Form 22A–2.

If you checked line 14b, fill out Form 22A–2 and file it with this form.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **James Everett Sexton** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for : | **CENTRAL DISTRICT OF CALIFORNIA** |
| | (State) |
| Case number | |
| (If known) | |

☐ Check if this is an amended filing

## Official Form 22A—1Supp

# Statement of Exemption from Presumption of Abuse Under § 707(b)(2)  12/14

File this supplement together with *Chapter 7 Statement of Your Current Monthly Income* (Official Form 22A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 22A-1 if you believe that this is required by 11 U.S.C. § 707(b)(2)(C).

**Part 1:** Identify the Kind of Debts You Have

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the "Nature of Debts" box on page 1 of the *Voluntary Petition* (Official Form 1).

   ☐ No. Go to Form 22A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 22A-1.

   ☒ Yes. Go to Part 2.

**Part 2:** Determine Whether Military Service Provisions Apply to You

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))**?**

   ☒ No. Go to line 3.

   ☐ Yes. Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity? 10 U.S.C. § 101(d)(1)); 32 U.S.C. § 901(1).

      ☐ No. Go to line 3.

      ☐ Yes. Go to Form 22A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 22A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

   ☒ No. Complete Form 22A-1. Do not submit this supplement.

   ☐ Yes. Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1)

      ☐ No. Complete Form 22A-1. Do not submit this supplement.

      ☐ Yes. Check any one of the following categories that applies:

         ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty**.**

         ☐ **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____, which is fewer than 540 days before I file this bankruptcy case.

         ☐ **I am performing a homeland defense activity for at least 90 days.**

         ☐ **I performed a homeland defense activity for at least 90 days,** ending on _____, which is fewer than 540 days before I file this bankruptcy case.

      If you checked one of the categories to the left, go to Form 22A-1. On the top of page 1 of Form 22A-1, check box 3, *The Means Test does not apply now,* and sign Part 3. Then submit this supplement with the signed Form 22A-1. You are not required to fill out the rest of Official Form 22A-1 during the exclusion period. The *exclusion period* means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii).

      If your exclusion period ends before your case is closed, you may have to file an amended form later.

**Fill in this information to identify your case:**

Debtor 1 **James Everett Sexton**
　　　　　First Name　　　Middle Name　　　Last Name

Debtor 2
(Spouse, if filing)　First Name　　　Middle Name　　　Last Name

United States Bankruptcy Court for : **CENTRAL DISTRICT OF CALIFORNIA**
　　　　　　　　　　　　　　　　　　　　　　　　　(State)

Case number
(If known)

**Check the appropriate box as directed in lines 40 or 42:**

According to the calculations required by this Statement:

☒ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

Official Form 22A–2

# Chapter 7 Means Test Calculation

12/14

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 22A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

## Part 1:　Determine Your Adjusted Income

1.  Copy your total current monthly income. ....................................Copy line 11 from Official Form 22A-1 here ➜ ............1.　$ __7,286.93__

2.  **Did you fill out Column B in Part 1 of Form 22A–1?**

　☒ No. Fill in $0 on line 3d.

　☐ Yes. Is your spouse filing with you?

　　☐ No. Go to line 3.

　　☐ Yes. Fill in $0 on line 3d.

3.  **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

　On line 11, Column B of Form 22A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

　☐ No. Fill in 0 on line 3d.

　☐ Yes. Fill in the information below:

| State each purpose for which the income was used | Fill in the amount you |
| For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | are subtracting from your spouse's income |
|---|---|
| 3a. _____ | $_____ |
| 3b. _____ | $_____ |
| 3c. _____ | + $_____ |
| 3d. **Total.** Add lines 3a, 3b, and 3c. ................. | $_____  **0.00** |

Copy total here ➜ ........ 3d.  − $ __0.00__

4.  **Adjust your current monthly income.** Subtract line 3d from line 1.

$ __7,286.93__

| Debtor 1 | **James Everett Sexton** | | Case number *(if known)*_____ |
| | First Name    Middle Name    Last Name | | |

| **Part 2:** | **Calculate Your Deductions from Your Income** |

**The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 22A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 22A–1 is filled in.

5. **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| **3** |

| **National Standards** | You must use the IRS National Standards to answer the questions in lines 6-7. |

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.        $ **1,249.00**

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| **People who are under 65 years of age** |

7a.   Out-of-pocket health care allowance per person        $ _____ **60.00**

7b.   Number of people who are under 65        x _____ **3**

7c.   **Subtotal.** Multiply line 7a by line 7b.        $ _____ **180.00**    Copy line 7c here ➜ .......    $ _____ **180.00**

| **People who are 65 years of age or older** |

7d.   Out-of-pocket health care allowance per person        $ _____ **144.00**

7e.   Number of people who are 65 or older        x _____ **0**

7f.   **Subtotal.** Multiply line 7d by line 7e.        $ _____ **0.00**    Copy line 7f here ➜ ......    + $ _____ **0.00**

7g.   **Total**. Add lines 7c and 7f.................................................    $ _____ **180.00**     Copy total here ➜ ....................7g.    $ _____ **180.00**

Debtor 1     **James Everett Sexton**
First Name    Middle Name    Last Name

Case number *(if known)*_____

---

| **Local Standards** | You must use the IRS Local Standards to answer the questions in lines 8-15. |

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- **Housing and utilities – Insurance and operating expenses**
- **Housing and utilities – Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8.  **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.     $ __**575.00**__

9.  **Housing and utilities – Mortgage or rent expenses:**

   9a.  Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.     9a. $ __**1,898.00**__

   9b.  Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| **Name of the creditor** | **Average monthly payment** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | + $ _____ |

   9b. Total average monthly payment     $ __**0.00**__  Copy line 9b here ➜   – $ __**0.00**__  Repeat this amount on line 33a.

   9c.  Net mortgage or rent expense.
   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0.     9c. $ __**1,898.00**__  Copy line 9c here ➜   $ __**1,898.00**__

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**     $ __**0.00**__

   Explain why:  _____
   _____

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

   ☐ 0. Go to line 14.
   ☒ 1. Go to line 12.
   ☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.     $ __**295.00**__

---

Debtor 1    **James Everett Sexton**
First Name    Middle Name    Last Name

Case number (*if known*)_____

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: |
|---|---|

13a. Ownership or leasing costs using IRS Local Standard          13a.   $   **517.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| _____ | $_____ **0.00** |

Copy 13b here ➜    − $_____ **0.00**    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. If this amount is less than $0, enter $0.          13c.   $   **517.00**

Copy net Vehicle 1 expense here ..... ➜    $   **517.00**

| Vehicle 2 | Describe Vehicle 2: |
|---|---|

13d. Ownership or leasing costs using IRS Local Standard          13d.   $_____

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| _____ | $_____ |

Copy 13e here ➜    − $_____    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. If this amount is less than $0, enter $0.          13f.   $_____

Copy net Vehicle 2 expense here ..... ➜    $_____

14. **Public transportation expense**: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.          $_____

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.          $   **0.00**

Debtor 1   **James Everett Sexton**
First Name    Middle Name    Last Name

Case number (*if known*)_____

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

$ __2,571.00__

Do not include real estate, sales, or use taxes.

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

$ ____0.00__

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance. Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.

$ ____0.00__

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

$ __1,535.00__

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

20. **Education:** The total monthly amount that you pay for education that is either required:

■ as a condition for your job, or

■ for your physically or mentally challenged dependent child if no public education is available for similar services.

$ ____0.00__

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

$ ____0.00__

Do not include payments for any elementary or secondary school education.

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.

$ ____0.00__

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

+ $ ____0.00__

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 22A-1, or any amount you previously deducted.

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23.

$ __8,820.00__

Debtor 1    **James Everett Sexton**
First Name    Middle Name    Last Name

Case number (*if known*)_____

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
|---|---|
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| Health insurance | $ _____ **0.00** | | |
| Disability insurance | $ _____ **0.00** | | |
| Health savings account | + $ _____ **0.00** | | |
| Total | $ _____ **0.00** | Copy total here➡ ................................. | $ _____ **0.00** |

Do you actually spend this total amount?

❑ No. How much do you actually spend?    $ _____
❑ Yes

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.    $ _____ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.    $ _____ **0.00**

By law, the court must keep the nature of these expenses confidential.

28. **Additional home energy costs.** Your home energy costs are included in your non-mortgage housing and utilities allowance on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in the non-mortgage housing and utilities allowance, then fill in the excess amount of home energy costs.    $ _____ **0.00**

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $156.25* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.    $ _____ **0.00**

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/16, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.    $ _____ **0.00**

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).    $ _____ **0.00**

32. **Add all of the additional expense deductions.**    $ _____ **0.00**
Add lines 25 through 31.

Debtor 1    **James Everett Sexton**
First Name        Middle Name        Last Name

Case number *(if known)*_____

---

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33g.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

    **Mortgages on your home:**

    |  |  | Average monthly payment |
    |---|---|---|
    | 33a. Copy line 9b here ................................................. ➔ | $ | **0.00** |

    **Loans on your first two vehicles:**

    | 33b. Copy line 13b here. ................................................ ➔ | $ | **0.00** |
    |---|---|---|
    | 33c. Copy line 13e here. ................................................ ➔ | $ | |

    | Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
    |---|---|---|---|
    | 33d. _____ | _____ | ☐ No ☐ Yes | $ _____ |
    | 33e. _____ | _____ | ☐ No ☐ Yes | $ _____ |
    | 33f. _____ | _____ | ☐ No ☐ Yes | + $ _____ |

    | 33g. Total average monthly payment. Add lines 33a through 33f............................. | $ **0.00** | Copy total here ➔ | $ **0.00** |
    |---|---|---|---|

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

    ☒ No. Go to line 35.
    ☐ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

    | Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
    |---|---|---|---|---|
    | _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
    | _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
    | _____ | _____ | $ _____ | ÷ 60 = | + $ _____ |

    | | | | Total | $ **0.00** | Copy total here ➔ | $ **0.00** |
    |---|---|---|---|---|---|---|

35. **Do you owe any priority claims such as a priority tax, child support, or alimony — that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

    ☒ No. Go to line 36.
    ☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

    | Total amount of all past-due priority claims ........................................... | $ _____ | ÷ 60 = | $ **0.00** |
    |---|---|---|---|

Debtor 1    **James Everett Sexton**                                    Case number (*if known*)_____
            First Name    Middle Name    Last Name

36. **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
    For more information, go online using the link for *Bankruptcy Basics* specified in the separate
    instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

    ☒ No. Go to line 37.
    ☐ Yes. Fill in the following information.

    Projected monthly plan payment if you were filing under Chapter 13          $_____

    Current multiplier for your district as stated on the list issued by the
    Administrative Office of the United States Courts (for districts in Alabama and
    North Carolina) or by the Executive Office for United States Trustees (for all
    other districts).                                                           x  _____

    To find a list of district multipliers that includes your district, go online using the
    link specified in the separate instructions for this form. This list may also be
    available at the bankruptcy clerk's office.

    Average monthly administrative expense if you were filing under Chapter 13   $_____ | Copy total here ➡ | $_____

37. **Add all of the deductions for debt payment.**                                          $_____0.00
    Add lines 33g through 36.

| **Total Deductions from Income** |
|---|

38. **Add all of the allowed deductions.**

    Copy line 24, *All of the expenses allowed under IRS*
    *expense allowances*............................................    $    **8,820.00**

    Copy line 32, *All of the additional expense deductions*.........   $       **0.00**

    Copy line 37, *All of the deductions for debt payment*............  + $     **0.00**

    Total deductions                                          $    **8,820.00** | Copy total here ➡ | $ **8,820.00**

| **Part 3:** | **Determine Whether There Is a Presumption of Abuse** |
|---|---|

39. **Calculate monthly disposable income for 60 months**

    39a.  Copy line 4, *adjusted current monthly income*.....   $    **7,286.93**

    39b.  Copy line 38, *Total deductions*.........          −  $    **8,820.00**

    39c.  Monthly disposable income. 11 U.S.C. § 707(b)(2).     $   **-1,533.07** | Copy line 39c here ➡ | $ **-1,533.07**
          Subtract line 39b from line 39a.

          For the next 60 months (5 years) ......................................................   x 60

    39d.  **Total**. Multiply line 39c by 60. .................................................... 39d.   $      **0.00** | Copy line 39d here ➡ | $      **0.00**

40. **Find out whether there is a presumption of abuse.** Check the box that applies:

    ☒ **The line 39d is less than $7,475\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go
       to Part 5.

    ☐ **The line 39d is more than $12,475\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You
       may fill out Part 4 if you claim special circumstances. Then go to Part 5.

    ☐ **The line 39d is at least $7,475\*, but not more than $12,475\*.** Go to line 41.

    \* Subject to adjustment on 4/01/16, and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1    **James Everett Sexton**
First Name     Middle Name      Last Name

Case number *(if known)*_____

41.  41a.  **Fill in the amount of your total nonpriority unsecured debt.** If you filled out *A Summary of Your Assets and Liabilities and Certain Statistical Information Schedules* (Official Form 6), you may refer to line 5 on that form.

41a.  $_____

x   .25

41b.  **25% of your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(I)
Multiply line 41a by 0.25.

$_____   **Copy here →**   $_____

42.  **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay 25% of your unsecured, nonpriority debt.**
Check the box that applies:

☐ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

| Part 4: | Give Details About Special Circumstances |
|---|---|

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☐ No. Go to Part 5.

☐ Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

| Part 5: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ **/s/ James Everett Sexton**_____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Date **06/11/2015**_____
MM / DD   / YYYY

Date _____
MM / DD   / YYYY

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re  James Everett Sexton _____          Case No. _____
     Debtor                                                        Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>None | **Describe Property Securing Debt**: |
| Property will be *(check one)*:<br>    ☐ Surrendered        ☐ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>    ☐ Redeem the property<br>    ☐ Reaffirm the debt<br>    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>    ☐ Claimed as exempt     ☐ Not claimed as exempt | |

**PART B –** Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES     ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: June 11, 2015 _____          /s/ James Everett Sexton _____
                                                Signature of Debtor


_____
Signature of Joint Debtor

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re: James Everett Sexton _____     Case No _____
                                    Debtor                                                          (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
**two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

|                | AMOUNT | SOURCE |
|----------------|--------|--------|

Debtor:
    Current Year (2015):
    $36,500.00                                 Employment

    Previous Year 1 (2014):
    $84,733.00                                 Employment

    Previous Year 2 (2013):
    $41,745.00                                 Employment

Joint Debtor:
    N/A

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

|                | AMOUNT | SOURCE |
|----------------|--------|--------|

Debtor:
    Current Year (2015):

    Previous Year 1 (2014):

    Previous Year 2 (2013):
    $3,388.00                                 Unemployment Benefit

Joint Debtor:
     N/A

---

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☒

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

Debtor:

None
☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☒

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

---

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: Urgent Credit Counseling, Inc. https://www.urgentco.com/index.php 954-459-0551 | 1/30/2015 | $16.00 |
| Law Offices of Nguyen H. Nguyen 15361 Brookhurst St., Suite 205 Westminster, CA 92683 | 5/1/2015 | $1,200.00 |

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
| AND ADDRESS | OF GOVERNMENTAL UNIT | NOTICE | LAW |

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
| AND ADDRESS | OF GOVERNMENTAL UNIT | NOTICE | LAW |

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS | | STATUS OR |
| OF GOVERNMENTAL UNIT | DOCKET NUMBER | DISPOSITION |

---

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: TriDiem Industries, Inc. | 4988/ ***Business dtr individual complete ein number RTE*** | 12208 16th Street Yuciapa, CA 92399 | Construction | Beginning Date: 12/2004 Ending Date: 2011 |

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

Debtor:
N/A

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

Debtor:
N/A

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS

Debtor:
N/A

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                              DATE ISSUED

Debtor:
N/A

### 20. Inventories

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DOLLAR AMOUNT

|                    |                       | OF INVENTORY               |
|--------------------|-----------------------|----------------------------|
|                    |                       | (Specify cost, market or other |
| DATE OF INVENTORY  | INVENTORY SUPERVISOR  | basis)                     |

Debtor:
N/A

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|                    | NAME AND ADDRESSES     |
|                    | OF CUSTODIAN           |
| DATE OF INVENTORY  | OF INVENTORY RECORDS   |

Debtor:
N/A

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

N/A

None
☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|                  |       | NATURE AND PERCENTAGE |
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP     |

N/A

---

**22. Former partners, officers, directors and shareholders**

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

N/A

None
☐

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|
| James Sexton     | Owner | 2011                |
| 11105 Cherry Avenue |    |                     |
| Cherry Valley, CA 92223 |  |                   |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

N/A

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
| --- | --- |

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| Date | June 11, 2015 | Signature of Debtor | /s/ James Everett Sexton |
| --- | --- | --- | --- |
| Date | | Signature of Joint Debtor (if any) | |

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# UNITED STATES BANKRUPTCY COURT
## Central District of California

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

      Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Bankruptcy Administrator has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of -
      (1) the potential consequences of seeking a discharge in bankruptcy,
          including the effects on credit history;
      (2) the effect of receiving a discharge of debts in bankruptcy;
      (3) the effect of reaffirming a debt; and
      (4) your ability to file a petition under a different chapter of the Bankruptcy
          Code.
      There are many other provisions of the Bankruptcy Code that may affect your situation. This statement contains only general principles of law and is not a substitute for legal advice. If you have any questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

      The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed in your bankruptcy schedules. A discharge is a court order that says that you do not have to repay your debts, but there are a number of exceptions. Debts which usually may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; debts which were not listed in your bankruptcy schedules; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to repay debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

      The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy. There are exceptions to this general statement. See your lawyer if you have questions.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

      After you file your bankruptcy petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court sixty (60) days after the first meeting of creditors.
      Reaffirmation agreements are strictly voluntary. They are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt. This is particularly true when property you wish to retain is collateral for a debt.
      Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues an order of discharge or within sixty (60) days after you filed the reaffirmation agreement with the court, whichever is later.
      If you reaffirm a debt and fail to make the payments as required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any deficiency. In addition, creditors may seek other remedies, such as garnishment of wages.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtors must pay the chapter 13 trustee the amount set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

By signing below, I/we acknowledge that I/we have received a copy of this document, and that I/we have had an opportunity to discuss the information in this document with an attorney of my/our choice.


Date  **June 11, 2015**                          **/s/ James Everett Sexton**
                                                 **James Everett Sexton**

## WRITTEN NOTICE REQUIRED UNDER SECTION 527(a)(2)

   All information that you are required to provide with a petition and thereafter during a case under title 11 ("Bankruptcy") of the United States Code is required to be complete, accurate, and truthful.

   All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in title 11 United States Code section 506 must be stated in those documents where requested after reasonable inquiry to establish such value.

   Current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of title 11, disposable income (determined in accordance with section 707(b)(2)), are required to be stated after reasonable inquiry.

   Information that you provide during your case may be audited pursuant to title 11. Failure to provide such information may result in dismissal of the case under title 11 or other sanction, including criminal sanctions.

Date **June 11, 2015**

**/s/ James Everett Sexton**

**James Everett Sexton**

Debtor

Joint Debtor

**/s/ Nguyen H Nguyen**

**Nguyen H Nguyen**

Attorney for Debtor(s)

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE
## SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a "trustee" and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help with preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

Date **June 11, 2015**                          **/s/ James Everett Sexton**

                                                         **James Everett Sexton**
                                                         Debtor

                                                         Joint Debtor

                                                         **/s/ Nguyen H Nguyen**

                                                         **Nguyen H Nguyen**
                                                         Attorney for Debtor(s)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Nguyen H Nguyen**<br>**15361 Brookhurst Street, Suite 205**<br>**Westminster, California 92683**<br>**Telephone: (714) 775-4529**<br>**Fax: (714) 775-4527**<br>**Email: nhn97@aol.com**<br>**Bar no.: 213366**<br><br><br><br><br><br>*Attorney for:* **James Everett Sexton** | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** _____

| In re:<br><br>**James Everett Sexton** | CASE NO.:<br><br>CHAPTER: **7** |
|---|---|
| | **DECLARATION RE: LIMITED SCOPE OF APPEARANCE PURSUANT TO LBR 2090-1** |
| Debtor(s). | [No Hearing Required] |

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned bankruptcy case.

2. On *(specify date)* __**5/1/15**__, I agreed with the Debtor that for a fee of $__**1,200.00**_____, I would provide the following services only:

   a. ☒ Prepare and file the Petition and Schedules
   b. ☒ Represent the Debtor at the 341(a) Meeting
   c. ☐ Represent the Debtor in any relief from stay motions
   d. ☐ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727
   e. ☐ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523
   f. ☐ Other *(specify)*:

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 1                    **F 2090-1.1.DEC.LTD.SCOPE**

3.   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this
     declaration was executed on the following date at the city set forth in the upper left-hand corner of the prior page.

Date: **June 11, 2015**                                      **Law Offices of Nguyen H Nguyen**
                                                            Printed name of law firm
I HEREBY APPROVE THE ABOVE:

**/s/ James Everett Sexton**                                **/s/ Nguyen H Nguyen**
Signature of Debtor                                         Signature of attorney

                                                            **Nguyen H Nguyen**
                                                            Printed name of attorney

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                           Page 2                    **F 2090-1.1.DEC.LTD.SCOPE**

B 203
(12/94)

# United States Bankruptcy Court

## CENTRAL DISTRICT OF CALIFORNIA

In re

**James Everett Sexton**

Case No. _____

**Debtor**

Chapter **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,200.00**

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,200.00**

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. ~~Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;~~

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ ----------------

    e.  [Other provisions as needed]

**Represent the Debtor at the 341(a) Meeting of Creditors**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

<div style="border:1px solid black;">

CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**June 11, 2015**
*Date*

**/s/ Nguyen H Nguyen**
**Nguyen H Nguyen**
*Signature of Attorney*

**Law Offices of Nguyen H Nguyen**
*Name of law firm*

</div>

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

In re:      **James Everett Sexton**

Case No. _____

# Certification of Substantial Compliance

I certify that the foregoing computer generated documents, prepared with COLLIER TOPFORM, comply with LBR 9009-1(d) and contain the same substance as the Official Bankruptcy Forms available and applicable at this time.

Dated:  **June 11, 2015**              **/s/ Nguyen H Nguyen** _____

**Nguyen H Nguyen**
**Bar Number: 213366**
**Law Offices of Nguyen H Nguyen**
**15361 Brookhurst Street, Suite 205**
**Westminster, California 92683**
**(714) 775-4529**

FB 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:  Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny

your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B200  (Form 200) (06/14)

# UNITED STATES BANKRUPTCY COURT
## REQUIRED LISTS, SCHEDULES, STATEMENTS, AND FEES
### Voluntary Chapter 7 Case

☒        **Filing Fee of $245.**  If the fee is to be paid in installments or the debtor requests a waiver of the fee, the debtor must be an individual and must file a signed application for court approval.  Official Form 3A or 3B and Fed.R.Bankr.P. 1006(b), (c)

☒        **Administrative fee of $75 and trustee surcharge of $15.**  If the debtor is an individual and the court grants the debtor's request, these fees are payable in installments or may be waived.

☒        **Voluntary Petition** (Official Form 1); **Names and addresses of all creditors** of the debtor.  Must be filed WITH the petition. Fed.R.Bankr.P. 1007(a)(1).

☒        **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 201A/B), if applicable.  Required if the debtor is an individual with primarily consumer debts. The notice must be GIVEN to the debtor before the petition is filed.   Certification that the notice has been given must be FILED with the petition or within 15 days.  11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 707(a)(3).  Official Form 1 contains spaces for the certification.

☐        **Notice to debtor by "bankruptcy petition preparer"** (Official Form 19).  Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition.  11 U.S.C. § 110(b)(2).

☒        **Statement of Social Security Number** (Official Form 21).  Required if the debtor is an individual.  Must be submitted WITH the petition. Fed.R.Bankr.P. 1007(f).

☒        **Individual Debtor's Statement of Compliance with Credit Counseling Requirement** (Exhibit D to Official Form 1); **Certificate of Credit Counseling and Debt Repayment Plan, if applicable; Section 109(h)(3) certification or § 109(h)(4) request, if applicable.** Exhibit D is required if the debtor is an individual.  Exhibit D must be filed WITH the petition.  If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14 days.  If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition. Fed.R.Bankr.P. 1007(b)(3), (c).

☐        **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 280).  Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

☒        **Statement of current monthly income, etc.** (Official Form 22A).  Required if the debtor is an individual.  Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☒        **Schedules of assets and liabilities** (Official Form 6).  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b),(c).

☒        **Schedule of executory contracts and unexpired leases** (Schedule G of Official Form 6).  Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☒        **Schedules of current income and expenditures.**  All debtors must file these schedules.  If the debtor is an individual, Schedules I and J of Official Form 6 must be used for this purpose.  Must be filed with the petition or within 14 days.  11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☒        **Statement of financial affairs** (Official Form 7).  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☒        **Copies of all payment advices or other evidence of payment** received by the debtor from any employer within 60 days before the filing of the petition.  Required if the debtor is an individual.  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☒        **Statement of intention regarding secured property and unexpired leases** (Official Form 8).  Required ONLY if the debtor is an individual and the schedules of assets and liabilities contain debts secured by property of the estate or personal property subject to an unexpired lease.  Must be filed within 30 days or by the date set for the Section 341 meeting of creditors, whichever is earlier.  11 U.S.C.  §§ 362(h) and 521(a)(2).

☒        **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 203).  Required if the debtor is represented by an attorney.  Must be filed within 14 days or any other date set by the court.  11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐        **Certification of Completion of Instructional Course Concerning Financial Management** (Official Form 23), if applicable.  Required if the debtor is an individual, unless the course provider has notified the court that the debtor has completed the course.  Must be filed within 60 days of the first date set for the meeting of creditors.  11 U.S.C. § 727(a)(11) and Fed.R.Bankr.P. 1007(b)(7), (c).

## REQUIRED LISTS, SCHEDULES, STATEMENTS, AND FEES
### Voluntary Chapter 11 Case

☐   **Filing fee of $1,167.**  If the fee is to be paid in installments, the debtor must be an individual and must file a signed application for court approval.  Official Form 3A and Fed.R.Bankr.P. 1006(b).

☐   **Administrative fee of $550.**  If the debtor is an individual and the court grants the debtor's request, this fee is payable in installments.

☐   **United States Trustee quarterly fee.**  The debtor, or trustee if one is appointed, is required also to pay a fee to the United States trustee at the conclusion of each calendar quarter until the case is dismissed or converted to another chapter.  The calculation of the amount to be paid is set out in 28 U.S.C. § 1930(a)(6).  As authorized by 28 U.S.C. § 1930(a)(7), the quarterly fee is paid to the clerk of court in chapter 11 cases in Alabama and North Carolina.

☐   **Voluntary Petition** (Official Form 1); **Names and addresses of all creditors.**  Must be filed WITH the petition.  Fed.R.Bankr.P. 1007(a)(1).

☐   **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 201A/B), if applicable.  Required if the debtor is an individual with primarily consumer debts.  The notice must be GIVEN to the debtor before the petition is filed.   Certification that the notice has been given must be FILED with the petition or within 15 days.  11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 1112(e).  Official Form 1 contains spaces for the certification.

☐   **Notice to debtor by "bankruptcy petition preparer"** (Official Form 19).  Required if a "bankruptcy petition preparer" prepares the petition. Must be submitted WITH the petition.  11 U.S.C. § 110(b)(2).

☐   **Statement of Social Security Number** (Official Form 21).  Required if the debtor is an individual.  Must be submitted **WITH** the petition. Fed.R.Bankr.P. 1007(f).

☐   **Individual Debtor's Statement of Compliance with Credit Counseling Requirement** (Exhibit D to Official Form 1); **Certificate of Credit Counseling and Debt Repayment Plan**, if applicable; **Section 109(h)(3) certification or § 109(h)(4) request**, if applicable.  Required if the debtor is an individual.  Exhibit D must be filed WITH the petition.  If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14  days.  If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed **WITH** the petition.  Fed.R.Bankr.P. 1007(b)(3), (c).

☐   **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 280).  Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

☐   **Statement of Current Monthly Income** (Official Form 22B).  Required if the debtor is an individual.  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐   **List of Creditors holding the 20 largest unsecured claims** (Official Form 4).  Must be filed WITH the petition.  Fed.R.Bankr.P. 1007(d).

☐   **Names and addresses of equity security holders of the debtor.**  Must be filed with the petition or within 14 days, unless the court orders otherwise.  Fed.R.Bankr.P. 1007(a)(3).

☐   **Schedules of Assets and Liabilities (Official Form 6).**  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐   **Schedule of executory contracts and unexpired leases** (Schedule G of Official Form 6).  Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐   **Schedules of Current Income and Expenditures.**  All debtors must file these schedules.  If the debtor is an individual, Schedules I and J of Official Form 6 must be used for this purpose.  Must be filed with the petition or within 14 days.  11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☐   **Statement of Financial Affairs (Official Form 7).**  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐   **Copies of all payment advices or other evidence of payment** received by debtor from any employer within 60 days before the filing of the petition.  Required if the debtor is an  individual.  Must be filed WITH the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐   **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 203), if applicable.  Required if the debtor is represented by an attorney.  Must be filed within 14 days or any other date set by the court.  11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐   **Certificate of Completion of Instructional Course Concerning Financial Management** (Official Form 23), if applicable.  Required if the debtor is an individual and § 1141(d)(3) applies, unless the course provider has notified the court that the debtor has completed the course.  Must be filed no later than the date of the last payment under the plan or the filing of a motion for a discharge under § 1141(d)(5)(B).  11 U.S.C. § 1141(d)(3) and Fed.R.Bankr.P. 1007(b)(7), (c).

☐   **Statement concerning pending proceedings of the kind described in § 522(q)(1)**, if applicable.  Required if the debtor is an individual and has claimed exemptions under state or local law as described in § 522(b)(3) in excess of $155,675*.  Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1141(d)(5)(B).  11 U.S.C. § 1141(d)(5)(C) and Fed.R.Bankr.P. 1007(b)(8), (c).

---

\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

## REQUIRED LISTS, SCHEDULES, STATEMENTS, AND FEES
### Chapter 12 Case

☐     **Filing Fee of $200.**  If the fee is to be paid in installments, the debtor must be an individual and must file a signed application for court approval.  Official Form 3A and Fed.R.Bankr.P. 1006(b).

☐     **Administrative fee of $75.**  If the debtor is an individual and the court grants the debtor's request, this fee is payable in installments.

☐     **Voluntary Petition** (Official Form 1).  **Names and addresses of all creditors** of the debtor.  Must be filed WITH the petition.  Fed.R.Bankr.P. 1007(a)(1)

☐     **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 201A/B), if applicable.  Required if the debtor is an individual with primarily consumer debts. The notice must be GIVEN to the debtor before the petition is filed.  Certification that the notice has been given must be FILED with the court in a timely manner.  11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii).  Official Form 1 contains spaces for the certification.

☐     **Notice to debtor by "bankruptcy petition preparer,"** (Official Form 19).  Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition. 11 U.S.C. § 110(b)(2).

☐     **Statement of Social Security Number** (Official Form 21).  Required if the debtor is an individual.  Must be submitted WITH the petition.  Fed.R.Bankr.P. 1007(f).

☐     **Individual Debtor's Statement of Compliance with Credit Counseling Requirement** (Exhibit D to Official Form 1). **Certificate of Credit Counseling and Debt Repayment Plan**, if applicable.  **Section 109(h)(3) certification or § 109(h)(4) request**, if applicable.  Required if the debtor is an individual.  Exhibit D must be filed WITH the petition.  If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14 days.  If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition.  Fed.R.Bankr.P. 1007(b)(3), (c).

☐     **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 280). Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

☐     **Schedules of Assets and Liabilities** (Official Form 6).   Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐     **Schedule of Executory Contracts and Unexpired Leases** (Schedule G of Official Form 6).  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐     **Schedules of Current Income and Expenditures.**  All debtors must file these schedules.  If the debtor is an individual, Schedule I and J of Official Form 6 must be used for this purpose.  Must be filed with the petition or within 14 days.  11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☐     **Statement of Financial Affairs** (Official Form 7).  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐     **Copies of all payment advices** or other evidence of payment received by the debtor from any employer within 60 days before the filing of the petition if the debtor is an individual.  Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐     **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 203), if applicable. Must be filed within 14 days or any other date set by the court.  11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐     **Chapter 12 Plan.**  Must be filed within 90 days.  11 U.S.C. § 1221.

☐     **Statement concerning pending proceedings of the kind described in § 522(q)(1)**, if applicable.  Required if the debtor is an individual and has claimed exemptions under state or local law as described in §522(b)(3) in excess of $155,675*.  Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1228(b).  11 U.S.C. § 1228(f) and Fed.R.Bankr.P. 1007(b)(8), (c).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

## REQUIRED LISTS, SCHEDULES, STATEMENTS, AND FEES
### Chapter 13 Case

☐        **Filing fee of $235.**  If the fee is to be paid in installments, the debtor must file a signed application for court approval.  Official Form 3A and Fed.R.Bankr.P. 1006(b).

☐        **Administrative fee of $75.**  If the court grants the debtor's request, this fee is payable in installments.

☐        **Voluntary Petition** (Official Form 1); **Names and addresses of all creditors** of the debtor.  Must be filed WITH the petition. Fed.R.Bankr.P. 1007(a)(1).

☐        **Notice to Individual Debtor with Primarily Consumer Debts** under 11 U.S.C. § 342(b) (Director's Form 201A/B), if applicable.  Required if the debtor is an individual with primarily consumer debts. The notice must be GIVEN to the debtor before the petition is filed.  Certification that the notice has been given must be FILED with the petition or within 15 days.  11 U.S.C. §§ 342(b), 521(a)(1)(B)(iii), 1307(c)(9).  Official Form 1 contains spaces for the certification.

☐        **Notice to debtor by "bankruptcy petition preparer,"** (Official Form 19).  Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition.  11 U.S.C. § 110(b)(2).

☐        **Statement of Social Security Number** (Official Form 21).  Must be submitted WITH the petition.  Fed.R.Bankr.P. 1007(f).

☐        **Individual Debtor's Statement of Compliance with Credit Counseling Requirement** (Exhibit D to Official Form 1); **Certificate of Credit Counseling and Debt Repayment Plan,** if applicable;  **Section 109(h)(3) certification or § 109(h)(4) request**, if applicable.  Exhibit D must be filed WITH the petition.  If applicable, the Certificate of Credit Counseling and Debt Repayment Plan must be filed with the petition or within 14 days.  If applicable, the § 109(h)(3) certification or the § 109(h)(4) request must be filed WITH the petition.  Fed.R.Bankr.P. 1007(b)(3), (c).

☐        **Statement disclosing compensation paid or to be paid to a "bankruptcy petition preparer"** (Director's Form 280).  Required if a "bankruptcy petition preparer" prepares the petition.  Must be submitted WITH the petition. 11 U.S.C. §110(h)(2).

☐        **Statement of Current Monthly Income, etc.** (Official Form 22C).  Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007.

☐        **Schedules of Assets and Liabilities** (Official Form 6).  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐        **Schedule of Executory Contracts and Unexpired Leases** (Schedule G of Official Form 6).  Must be filed  with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐        **Schedules of Current Income and Expenditures** (Schedules I and J of Official Form 6).  Must be filed with the petition or within 14 days.  11 U.S.C. § 521(1) and Fed.R.Bankr.P. 1007(b), (c).

☐        **Statement of Financial Affairs** (Official Form 7).  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 1007(b), (c).

☐        **Copies of all payment advices or other evidence of payment** received by the debtor from any employer within 60 days before the filing of the petition.  Must be filed with the petition or within 14 days. Fed.R.Bankr.P. 1007(b), (c).

☐        **Chapter 13 Plan.**  Must be filed with the petition or within 14 days.  Fed.R.Bankr.P. 3015.

☐        **Statement disclosing compensation paid or to be paid to the attorney** for the debtor (Director's Form 203), if applicable. Must be filed within 14 days or any other date set by the court.  11 U.S.C. § 329 and Fed.R.Bankr.P. 2016(b).

☐        **Certificate of Completion of Instructional Course Concerning Financial Management** (Official Form 23).  Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b), unless the course provider has notified the court that the debtor has completed the course.  11 U.S.C. § 1328(g)(1) and Fed.R.Bankr.P. 1007(b)(7), (c).

☐        **Statement concerning pending proceedings of the kind described in § 522(q)(1),** if applicable.  Required if the debtor has claimed exemptions under state or local law as described in §522(b)(3) in excess of $155,675*.  Must be filed no later than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under § 1328(b).  11 U.S.C. § 1328(h) and Fed.R.Bankr.P. 1007(b)(8), (c).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Verification of Creditor Mailing List - (Rev. 10/05)                                    2003 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name  **Nguyen H Nguyen; Bar Number: 213366**

Address  **15361 Brookhurst Street, Suite 205, Westminster, California 92683**

Telephone  **(714) 775-4529**

☒ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br><br>**James Everett Sexton**<br><br><br><br>**James Sexton; James T Sexton;** | Case No.: <br><br>Chapter:  **7** |

# VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of ___**3**___ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:  **June 11, 2015**                              **/s/ James Everett Sexton**
                                                                    *Debtor*


**/s/ Nguyen H Nguyen**
*Attorney (if applicable)*                                   *Joint Debtor*

```
91 Express Lanes
P.O. Box 68039
Anaheim, CA 92817




Beaver Medical Group LP
P.O. Box 10069
San Bernardino, CA 92423




Beaver Medical Group LP
c/o Designed Billing Solutions
1 Centerpointe Dr., Suite 450
La Palma, CA 90623




Capital One Bank USA
P.O. Box 30281
Salt Lake City, UT 84130




Capital One Bank USA
c/o Midland Funding LLC
8875 Aero Dr., Suite 200
San Diego, CA 92123




Chase / Bank One Card Services
P.O. Box 15298
Wilmington, DE 19850




Chase / Bank One Card Services
c/o Midland Funding LLC
8875 Aero Dr., Suite 200
San Diego, CA 92123




Child Support Division
10417 Mt. View Avenue
Loma Linda, CA 92354




CitiBank SD NA
c/o Midland Funding LLC
8875 Aero Dr., Suite 200
San Diego, CA 92123
```

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Direct TV
c/o Transworld Systems
P.O. Box 4935
Trenton, NJ 08650


FreedomRoad Financial
10509 Professional Cir., Suite 202
Reno, NV 89521


GECRB / Yamaha
P.O. Box 6153
Rapid City, SD 57709


HSBC Auto Finance
P.O. Box 961245
Fort Worth, TX 76161


HSBC Auto Finance
c/o Accelerated Financial Solution
39 Monette Pkwy.
Smithfield, VA 23430


LBS FCU
5505 Garden Grove
Westminster, CA 92683


Mutual Bank NA
c/o LVNV Funding, LLC
c/o Resurgent Capital Services
P.O. Box 10497 MS 576
Greenville, SC 29603


Quest Diagnostics
P.O. Box 740987
Cincinnati, OH 45274

Southern CA Gas Company
c/o Progressive Management Service
1521 W. Cameron Ave., Fl. 1
West Covina, CA 91790


SYNCB
P.O. Box 965036
Orlando, FL 32896


SYNCB
c/o Porfolio Recovery Associates, LLC
120 Corporate Blvd.
Norfolk, VA 23502


Time Warner Cable LA
c/o Credit Management, LP
P.O. Box 118288
Carrollton, TX 75011


Time Warner Cable LA
13820 Sunrise Valley Dr.
Herndon, VA 20171


T-Mobile
c/o Midland Funding, LLC
8875 Aero Dr., Suite 200
San Diego, CA 92123


Wells Fargo DLRSVC
P.O. Box 1697
Winterville, NC 28590